**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 5:18 CR 487-DAP-5** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **DENEAL MURRAY,** ) | |
| ) | |
| **Defendant.** ) | |

On August 29, 2018, Defendant Deneal Murray was charged with distributing fentanyl and 4-ANPP along with Co-Defendant Lamarr Hill on or about April 30, 2018 (Count 4), and conspiracy to possess with the intent to distribute fentanyl and methamphetamines in the period between April 1, 2018 through July 26, 2018 (Count 1). Doc #: 9 ("Motion"). On October 19, 2018, Murray filed a Motion to Reveal Identity of Confidential Informant. **Doc #: 26**. The Court has reviewed the Motion and the Response Brief, Doc #: 29, and Murray has refrained from filing a reply. For the following reasons, the Motion is **DENIED**.

**I.**

Deneal Murray asks the Court to order the Government to reveal the identity of the confidential informant involved in Murray's drug purchases because "[t]he informant in this case was a percipient witness to, and participated in, the alleged transactions, which gave rise to this case. . . .[N]ot only will the informant's testimony be relevant and helpful, his/her credibility will be a central issue in the case." *Id*. at 3. Further, "the informant was present during the alleged drug transaction. Therefore, the informant's assertions regarding the circumstances of the alleged transactions, and information as to the background of the informant are important to Mr. Murray's defense." *Id*.

**II.**

The informant's privilege is in fact "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citations omitted).

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

*Id*. The scope of this privilege, however, is limited. Where disclosure of the informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*., at 60-61.

In *Roviaro*, an unidentified informant drove his car to a prearranged meeting place where he picked up Roviaro. At the time, a government agent was hiding in the trunk of the car and three other agents followed in two cars. After driving throughout the city, Roviaro got out of the informant's car, went to a tree, retrieved a small package, made a motion akin to placing the package in the car, and walked away. The government agents immediately retrieved the package, which contained heroin, from the informant's car–and Roviaro was indicted for drug trafficking. Before trial, the district court denied Roviaro's motion for a bill of particulars seeking, among other things, the identity of the informant based on the government's assertion that the informant's identity was privileged. At trial, government witnesses described the informant's participation in the aforementioned transactions and the district court sustained the Government's objections to Roviaro's repeated questions to those witnesses asking for the

informant's identification.  Roviaro was convicted of drug trafficking and the convictions were affirmed on appeal.  The Supreme Court reversed.  Because the informant was the sole participant in the transaction other than the defendant, and was the only witness in a position to amplify or contradict the testimony of the government witnesses, the Supreme Court held that the failure to disclose the informant's identity under these circumstances was prejudicial error.

The *Roviaro* Court, however, declined to establish a fixed rule as to when disclosure would be required.

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Roviaro*, 353 U.S. at 62.  A court may not compel disclosure unless the defendant can meet the burden of showing "some evidence" that the informant's testimony would aid the defendant in establishing an asserted defense.  *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985).  A defendant must come forward with probative evidence supporting the need for disclosure.  *Id*.  If not, it is an abuse of discretion for the court to order disclosure.  *Id*.

### III.

In *United States v. Sierra-Villegas*, the informant made recorded calls and met with the defendant discussing the drug conspiracy's objectives and arranging a drug transaction.  774 F.3d 1093 (6th Cir. 2014).  In affirming the district court's order protecting the informant's identity, the Sixth Circuit found that the defendant failed to identify how the informant's identity and testimony could genuinely assist the defense.  *Id*. at 1099.  Apart from recorded

-3-

conversations that were evidence, the Sixth Circuit found it unclear what the informant could provide that would add or detract from the recording. *Id.*

Here, the Government asserts that it has video and/or audio recordings of Murray's drug transactions which it intends to produce at trial, and Murray has failed to articulate what information the informant can provide, in addition to the recordings, that would be relevant or helpful to his defense, or essential for purposes of fairness. Indeed, Murray has not filed, and does not intend to file, a reply brief.

Most federal cases involving this limitation on the scope of the informant's privilege have arisen where the legality of a search without a warrant is at issue and the communications of an informant are claimed to establish probable cause. That is not the situation here, where the drug transactions were recorded. The Court construes Murray's failure to provide some evidence that the informant's testimony would aid him in establishing an asserted defense as his concession to the Government's objections to disclosure. *Sharp*, 778 F.2d at 1187.

**IV.**

Accordingly, the Motion to Reveal Identity of Confidential Informant, **Doc #: 26**. is hereby **DENIED**.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster    October 29, 2018*
**Dan Aaron Polster**
**United States District Judge**